GreeN, J.
delivered the opinion of the court.
This is an action brought by Agee, on a bond executed by Baker and ’Hunter, to indemnify him against any damages, that he might be put to, for selling a horse, saddle and blanket, which he, as constable, had levied on as the property of Eli Wilson, by virtue of an execution in his hands, in favor of James Baker against said Wilson.
The defendant pleaded that Wilson was the head of a family, engaged in agriculture, and was the owner of one horse, used in agriculture, and was not the owner of any other horse, mule or yoke of oxen; which horse was, by a statute of Tennessee, exempt from execution, and which said horse had been levied on by said plaintiff, as constable, in violation of his duty, and the laws of the land; and for the ioregoing consideration, and none other, the said defendants executed and delivered the said Writing declared on to satisfy all damages, cost and expenses *58 that said plaintiff might be put to, provided suit should be brought against him for selling said horse. And so said writing obligatory is void, having been executed to said plaintiff, to indemnify against the violation of law, and a misdemeanor in office by him committed. To this plea there was a replication, to which the defendant rejoined, and the plaintiff demurred. It is unnecessary to notice the replication or rejoinder, as they are both defective. The demurrer reaching back to the first fault in pleading, the question is whether the plea is a good de-fence to this action.
In the case of The State vs. Haggard, (1 Hump. R. 390,) this court decided, that an officer was guilty of a misdemeanor, and indictable for seizing the only farm horse of a defendant in an execution, the same being exempt from execution by the act of 1833, ch. 80, and made a misdemeanor by the act of 1820, ch. 11, (Car. & Nic. 533-4-5,) and in the case of Baker and Hunter vs. Agee, (2 Hump. R. 13,) it was held that a bond to indemnify a sheriff or constable for such seizure, is not within the provisions of the act of 1825, ch. 40, (Car. & Nic. 183,) therefore, the question is whether, upon common law principles, the facts stated in this plea make the contract void.
It is certainly true, that when a contract is entered inro with a view to violate a statute, or to do an act which is contra bonos mores, or against public policy, is void, and no recovery can be had. 'But if a party undertake to do an illegal act, but does not know at the time that he is committing a trespass, the promise to'indemnify him, is valid. Coventry vs. Barton, 17 John. R. 142: Comyn on Contracts 27.
In this case, the plea does not state that Agee, the officer, knew that the horse levied on, was the only horse owned by Wilson. He may have believed that the defendant in that execution had other horses than the one levied on, for aught that appears in this plea.
2. But this bond was executed after the seizure of the horse, and to indemnify against damages resulting from the sale only. Now the misdemeanor consists in the seizure, and not in the sale. The proceeds of the sale were received by Baker and Hunter’s promise subsequently made, in consideration thereof, *59 to indemnify for an illegal act already performed, is binding. Chitty on Contracts, 221, note 1: Mod. 93, 203: 1 Cains R. 460: 14 John. 380: 6 Mod. 225.
Upon either of these points, therefore, the law is for the plaintiff below, and the demurrer was properly sustained.
Affirm the judgment.